UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| STEVEN LYNN DEEM | CIVIL ACTION NO. 13-cv-2297 |
| VERSUS | JUDGE HICKS |
| WARDEN, CADDO CORRECTIONAL CENTER | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Steven Deem ("Petitioner") was indicted in this court on charges of possessing and distributing images of child pornography.  U.S. v. Deem, 13-cr-0149.  Within weeks of his initial appearance on the federal charges, Petitioner filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 to attack the constitutionality of a 1997 Texas state court conviction for aggravated sexual assault of a child.  His attack is based on his interpretation of Texas criminal statutes and their intent requirements.

Petitioner later entered a guilty plea to count one of the federal indictment.  The sentencing records indicate that the statutory term for the federal offense was five to 20 years, but the statute required a sentence between 15 and 40 years because of the prior Texas conviction involving abusive sexual conduct with a minor.  Judge Hicks sentenced Petitioner to 240 months (20 years), and an appeal is pending.

Petitioner contends that the use of his Texas conviction to enhance his sentence allows him to make a collateral attack on the state conviction.  The Supreme Court in Custis v. United States, 114 S.Ct. 1732 (1994) held that the Constitution requires collateral review of

a prior conviction used to enhance a federal sentence only when the defendant alleges that the conviction was obtained in violation of his Sixth Amendment right to counsel.  The Fifth Circuit has since refused to entertain collateral attacks on prior state convictions made during federal sentencing proceedings when the defendant does not allege that the prior conviction was obtained without the defendant having a lawyer.  U.S. v. Longstreet, 603 F.3d 273, 277 (5th Cir. 2010).

Petitioner has not alleged that he was without counsel in the Texas proceedings.  He does say that he was found guilty after a jury trial and given a 10-year probated sentence. His probation was soon revoked, however, and he served the entire 10 years.  It appears the revocation was brought on by contact Petitioner had with two relatives of the child victim.

There is, in accordance with the Custis line of authority, no basis for a collateral attack on the Texas state conviction either at the federal sentencing (already held) or in this separate civil action.  To the extent Petitioner attempts to color this action as a petition under 28 U.S.C. § 2254, it is plainly untimely under the one year from finality period of limitations. He has recently filed a proposed amendment by which he would convert this action to one under Section 2255 on the grounds that he is now in federal custody.  Petitioner has a direct appeal pending, so his attempt to pursue a Section 2255 motion is premature.  The request to amend should be denied without prejudice to Petitioner filing a proper Section 2255 motion upon completion of the appellate proceedings. See U.S. v. Morris, 2008 WL 926593 (W.D. La. 2008).

Accordingly,

**IT IS RECOMMENDED** that the **Motion to Amend Complaint (Doc. 22)** be **denied** and that this petition for writ of habeas corpus relief be **denied**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the

denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of July, 2014.

Mark L. Hornsby
U.S. Magistrate Judge